**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | No. 11-20065-02-KHV |
| v. ) | |
| ) | CIVIL ACTION |
| CHARLES E. GRAHAM, ) | No. 13-2380-KHV |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody</u> (Doc. #86) filed August 1, 2013. For reasons stated below, the Court overrules defendant's motion.

## Factual Background

On July 27, 2011, a grand jury returned an indictment which, in part, charged defendant with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Defendant pled guilty. On July 24, 2012, the Honorable Beth Phillips of the United States District Court for the Western District of Missouri, sitting by designation, sentenced defendant to 92 months in prison.[1]

---

[1] Section 2255 motions must be brought before "the court which imposed the sentence." 28 U.S.C. § 2255(a). Although Judge Phillips sentenced defendant as a visiting judge, defendant's case remained assigned to the undersigned judge who presided over the hearing on defendant's change of plea. The undersigned judge also presided over the change of plea hearing and sentencing for co-defendant, Marcus D. Edwards. <u>See</u> D. Kan. No. 11-20065-01. Moreover, defendant does not assert any arguments which require witness credibility determinations or any off-the-record observation by Judge Phillips. Accordingly, defendant's Section 2255 motion remains with the undersigned judge for disposition.

On August 2, 2012, defendant filed an appeal. Shortly thereafter, defendant dismissed the appeal. See Order (Doc. #69) filed August 17, 2012. Patrick M. Lewis represented defendant throughout this proceeding.

On August 1, 2013, defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. Liberally construed, defendant's motion alleges that counsel provided ineffective assistance because (1) he told defendant that if defendant proceeded on appeal and lost, the prosecutor would revoke the plea and seek the maximum penalty of 120 months in prison and (2) he did not effectively object to the four-level enhancement of defendant's base offense level under Section 2K2.1(b)(6)(B) of the Sentencing Guidelines.[2] Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #86) at 4-6 and defendant's Affidavit (Doc. #86-3).

## Analysis

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) the deficient performance was so prejudicial that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made

---

[2] As to the second claim, defendant also asserts an alternative claim that the Court erred by applying the enhancement under Section 2K2.1(b)(6)(B). For substantially the reasons stated below, defendant is not entitled to relief under either theory.

errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687.  In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992).  The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988).  As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

## I.    Counsel's Advice To Withdraw Appeal - Claim 1

Defendant argues that counsel provided ineffective assistance because he told defendant that if he proceeded on appeal and lost, the prosecutor would revoke the plea and seek the maximum penalty of 120 months in prison.  See Motion Under 28 U.S.C. § 2255 (Doc. #86) at 4.  Counsel's advice appears to be based on a strategic decision that in light of the waiver in the plea agreement, an appeal was likely to fail and the government was likely to seek the maximum penalty if defendant pursued the appeal.  Counsel's alleged advice was not deficient.  See Fisher v. Shillinger, No. 93-8112, 1994 WL 209870, at *2 (10th Cir. May 26, 1994); see also United States v. Pennington, 219 F. App'x 805, 808 (10th Cir. 2007) (advice that defendant would probably receive higher sentence on remand if she pursued appeal not coercive); Hatch v. Oklahoma, 58 F.3d 1447, 1459 (10th Cir. 1995) (to be constitutionally ineffective, counsel's advice must be "completely unreasonable, not merely wrong").

Even if the Court presumes that counsel's advice was somehow deficient, such advice was

not prejudicial. Under the plea agreement, defendant waived his right to appeal a sentence imposed within the guideline range determined appropriate by the court. See Plea Agreement (Doc. #40) ¶ 14. If defendant had appealed his sentence within the guideline range and therefore breached the plea agreement, the government could have pursued additional charges and it would not have been bound to recommend a sentence at the low end of the applicable guideline range or to recommend that defendant receive a three-level reduction of his offense level for acceptance of responsibility. See id., ¶ 6. At a minimum, the government could have argued that the Court should sentence defendant to the statutory maximum of 120 months by either (1) varying from the previously calculated guideline range of 92 to 115 months or (2) giving defendant only a two-level reduction for acceptance of responsibility which would have resulted in a guideline range of 100 to 125 months, capped by the statutory maximum of 120 months. In light of the terms of the plea agreement, counsel's alleged advice was not prejudicial.

The Court overrules defendant's first claim for relief.

**II.     Proposed Amendment To Claim 1**

Some six months after defendant filed his Section 2255 motion, he filed a motion seeking leave to file a memorandum in support of his Section 2255 motion. See Motion For Leave To File A Memorandum Of Law In Support Of A Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To Title 28 U.S.C. § 2255 And Motion To Amend Original Filing Under Fed. R. Civ. P. 15(c)(1)(B) (Doc. #90) filed February 3, 2014. In his memorandum, defendant claims that counsel was ineffective because he told defendant that if he proceeded on appeal and lost, the "district court" would give him the maximum sentence allowed under law "in retaliation for his exercising his Constitutional right to appeal." Doc. #90 at 4; see defendant's Affidavit (Doc. #90-1)

(counsel advised me to withdraw appeal because of possible retaliation by district court in form of maximum sentence). In his memorandum, defendant no longer refers to his counsel's advice that the "prosecutor" would seek to revoke the plea agreement and seek a sentence of 120 months in prison.

Section 2255 provides a one-year period of limitation which ordinarily runs from the date on which the judgment of conviction becomes final. See 28 U.S.C. § 2255. When a defendant has filed an appeal, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's ruling. Clay v. United States, 537 U.S. 522, 524-25 (2003). Here, defendant voluntarily dismissed his appeal on August 17, 2012. Therefore defendant had until August 17, 2013 to file a motion to vacate under Section 2255. Defendant filed his motion for leave to file a memorandum and to amend his motion on February 3, 2014. Because defendant filed his motion to amend his claim more than five months after the statutory deadline, the Court considers whether it should grant defendant leave to amend his Section 2255 motion to assert a claim related to counsel's advice about potential retaliation by the district court.

Rule 15, Fed. R. Civ. P., governs a motion to amend a Section 2255 petition if it is made before the one-year limitation period for filing a Section 2255 petition has expired. United States v. Ohiri, 133 Fed. Appx. 555, 559 (10th Cir. 2005). In the district court's discretion, an untimely amendment to a Section 2255 motion which clarifies or amplifies a claim or theory in the original motion by way of additional facts may relate back to the date of the original motion if the original motion was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case. United States v. Espinoza-Saenz, 235 F.3d 501, 505 (10th Cir. 2000).

The Tenth Circuit has explained that the restriction on amendment of a Section 2255 petition

is to prevent a defendant from undermining the one-year limitations period by alleging new claims of error after the expiration of the limitations period. See id. Here, the Court sustains defendant's motion for leave to file a memorandum in support to the extent it is limited to the claims in his original motion. To the extent defendant has attempted to amend his first claim about the nature of his attorney's advice, either purposefully or inadvertently, the Court overrules defendant's motion because defendant seeks to insert a new theory which he did not raise in his original motion. See id. (rejecting new claims of ineffective assistance filed two months after deadline in 28 U.S.C. § 2255). As explained above, defendant's original motion asserted that counsel was ineffective because he said that the "prosecutor" might seek to revoke the plea agreement and seek the maximum sentence. Defendant's original motion did not allege that counsel said anything about potential retaliation by the district court. The Court also denies leave to amend because the proposed amendment lacks substantive merit.[3]

On March 2, 2015, defendant filed a second motion to amend sentence under 28 U.S.C. § 2255. See Motion To Amend Sentence Pursuant To Title 28 U.S.C. § 2255, Filing Under Fed. R. Civ. P. 15(c)(1)(B) (Doc. #93). In the motion, defendant again attempts to alter Claim 1 to assert that counsel threatened that if he pursued his appeal, the district court would retaliate on remand.

---

[3] To the extent counsel told defendant that if he proceeded on appeal and lost, the "district court" would give him the maximum sentence allowed under law "in retaliation for his exercising his Constitutional right to appeal," Doc. #90 at 4, such advice was not prejudicial. As explained above, if defendant had appealed in violation of the plea agreement, the government could have sought the maximum sentence of 120 months in prison. As defendant noted in his affidavit attached to his original motion, after talking with his wife about the potential of receiving 120 months in prison, they decided to dismiss the appeal rather than risk the potential of getting more time. Affidavit (Doc. #86-3) at 2. Accordingly, any alleged advice by counsel that the district court (as opposed to the prosecutor) might impose a 120 month sentence was not prejudicial. Defendant and his wife had already determined that an appeal was not worth the risk of a higher sentence on remand.

For reasons explained above, the Court denies defendant leave to assert a new claim on those grounds. Even so, the Court considers defendant's motion as a supplemental memorandum in support of the claims in his original Section 2255 motion.

### III.    Counsel's Failure To Effectively Object To Firearm Enhancement - Claim 2

Defendant argues that counsel provided ineffective assistance because he did not effectively object to the enhancement of his offense level under Section 2K2.1(b)(6)(B).[4] In particular, defendant claims that the enhancement violated his rights under the Sixth Amendment because (1) the government did not include the elements of the enhancement in the indictment or submit the elements to the jury to find these elements beyond a reasonable doubt and (2) the government did not present sufficient evidence to support the enhancement.[5]

As to the first objection, defendant cites Alleyne v. United States, 133 S. Ct. 2151, 2155 (2013), which held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." Here, the enhancement did not trigger or increase the mandatory minimum sentence. Accordingly, the Court properly applied the enhancement at sentencing. See United States v. Harakaly, 734 F.3d 88, 98 (1st Cir. 2013) (Alleyne applies only to facts that increase mandatory minimum), cert. denied, 134 S. Ct. 1530 (2014); United States v. Juarez-Sanchez, 558 F. App'x 840, 843 (10th Cir. 2014) (same). Counsel's failure to object on these

---

[4]    Section 2K2.1(b)(6)(B) of the Sentencing Guidelines provides that "if the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent or reason to believe that it would be used or possessed in connection with another felony offense," the Court must increase defendant's offense level by four.

[5]    On April 10, 2014, defendant filed a motion for leave to file a supplemental brief related to Claim 2. See Motion For Leave To File A Supplemental Brief Under The Fed. R. Civ. P. 15(c) (Doc. #91). Because defendant's supplemental brief provides additional authority directly related to Claim 2, the Court sustains his motion.

grounds was not deficient or prejudicial.

As to defendant's objection based on the government proof of the enhancement, defendant claims that the government presented no evidence that when he transferred the firearm to a family member, he knew that it would be used in connection with another felony offense. Doc. #90 at 6. At sentencing, counsel argued that the government's evidence was insufficient to support the enhancement. Counsel did not object to the underlying facts set forth in the plea agreement which Judge Phillips determined were sufficient to support the enhancement. Defendant ignores the factual basis for his plea which states that he had stolen the firearm, took it to a drug dealer (Marcus Edwards) and traded it for drugs. Plea Agreement (Doc. #40) ¶ 3; see also Presentence Investigation Report (Doc. #61) ¶¶ 16, 149-50. In light of the factual basis in the plea agreement, the Court would have overruled any further objection in this regard. Accordingly, counsel's failure to pursue the objection or raise it in a different manner was not deficient or prejudicial.

The Court overrules defendant's second claim for relief.[6]

### **Conclusion**

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which are not directly refuted by the record or if true, would entitle him to relief. Accordingly, no evidentiary hearing or response by the government is required. See 28 U.S.C. § 2255; United States v. Kilpatrick, 124 F.3d 218, 1997 WL 537866, at *3 (10th Cir. Sept. 2, 1997) (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant hearing); United States v. Marr,

---

[6] As to the second claim, defendant also asserts that the Court erred by applying the enhancement under Section 2K2.1(b)(6)(B). For substantially the reasons stated above, defendant's claim is without merit.

856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

### Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[7] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court denies a certificate of appealability.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #86) filed August 1, 2013 be and hereby is **OVERRULED**. A certificate of appealability as to the Court's ruling on defendant's Section 2255 motion is **DENIED.**

**IT IS FURTHER ORDERED** that defendant's letter (Doc. #89) filed December 24, 2013, which the Court construes as a motion for status update, be and hereby is **OVERRULED as moot**.

---

[7] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

**IT IS FURTHER ORDERED** that defendant's Motion For Leave To File A Memorandum Of Law In Support Of A Motion To Vacate, Set Aside, Or Correct A Sentence Pursuant To Title 28 U.S.C. § 2255 And Motion To Amend Original Filing Under Fed. R. Civ. P. 15(c)(1)(B) (Doc. #90) filed February 3, 2014 be and hereby is **SUSTAINED in part**. The Court grants defendant leave to file the supplemental brief to the extent that his arguments are limited to the claims in his original Section 2255 motion. The Court overrules defendant's motion to the extent that defendant seeks to amend his original claims or add new claims.

**IT IS FURTHER ORDERED** that defendant's Motion For Leave To File A Supplemental Brief Under The Fed. R. Civ. P. 15(c) (Doc. #91) filed April 10, 2014 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's Motion To Amend Sentence Pursuant To Title 28 U.S.C. § 2255, Filing Under Fed. R. Civ. P. 15(c)(1)(B) (Doc. #93) filed March 2, 2015 be and hereby is **OVERRULED**. The Court considers the motion as a supplemental memorandum in support of the claims in his original Section 2255 motion.

Dated this 31st day of August, 2015 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge