## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                              )<br>          Plaintiff,         )<br>                              )<br>v.                            )<br>                              )<br>CHARLES GRAHAM,               )<br>                              )<br>          Defendant.         )<br>_____) | CRIMINAL ACTION<br><br>No. 11-20065-02-KHV |

### MEMORANDUM AND ORDER

On July 24, 2012, the Honorable Beth Phillips of the United States District Court for the Western District of Missouri, sitting by designation, sentenced defendant to 92 months in prison. This matter is before the Court on defendant's letter (Doc. #116) filed November 22, 2017, which the Court construes as a motion for placement in home confinement or to alter sentence. For reasons stated below, the Court dismisses defendant's motion.

Defendant is currently scheduled to be released from the custody of the Bureau of Prisons ("BOP") in May of 2018. Defendant asks the Court to allow him to serve the remainder of his prison term in home confinement. The BOP designates the place of defendant's imprisonment. See 18 U.S.C. § 3621(b). The Court does not have authority to dictate placements to the BOP. See United States v. Cosby, 180 F. App'x 13, 13 (10th Cir. 2006); 18 U.S.C. § 3621(b) (BOP charged to designate place of imprisonment); Wedelstedt v. Wiley, 477 F.3d 1160, 1165 (10th Cir. 2007) (statute gives BOP discretion in making designation). In making a designation, the BOP must consider certain factors enumerated by statute, see 18 U.S.C. § 3621(b)(1)-(5), but defendant has not alleged or shown that the BOP did not do so in his case.

Alternatively, defendant asks the Court to alter his sentence to substitute home confinement in lieu of his remaining term of imprisonment. A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); see 18 U.S.C. § 3582(c). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the BOP in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); see Blackwell, 81 F.3d at 947-48. None of these exceptions apply here. Defendant has not cited any statute which authorizes the Court to modify his sentence. Moreover, Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time. See Fed. R. Crim. P. 35 (authorizes resentencing to reflect defendant's substantial assistance, and to correct arithmetical, technical or other clear error within 14 days of sentencing); Fed. R. Crim. P. 36 (authorizes court to correct clerical-type errors). Finally, the Court does not have inherent authority to resentence defendant. See Blackwell, 81 F.3d at 949. For these reasons, the Court does not have jurisdiction to resentence defendant at this time.

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #116) filed November 22, 2017, which the Court construes as a motion for placement in home confinement or to alter sentence, is **DISMISSED**.

Dated this 22nd day of December, 2017 at Kansas City, Kansas.

                                              s/ Kathryn H. Vratil
                                              KATHRYN H. VRATIL
                                              United States District Judge