IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>   )<br>          **Plaintiff,**   )<br>   )   **CRIMINAL ACTION**<br>**v.**   )<br>   )   No. 11-20065-02-KHV<br>**CHARLES E. GRAHAM,**   )<br>   )<br>          **Defendant.**   )<br>_____)  | |

**MEMORANDUM AND ORDER**

On January 15, 2019, the Court revoked defendant's term of supervised release and sentenced him to 24 months in prison. This matter is before the Court on defendant's pro se letter (Doc. #147) filed April 15, 2020, which the Court construes as a motion to modify sentence. For reasons stated below, the Court dismisses defendant's motion for lack of jurisdiction.

**Factual Background**

Defendant is currently confined at a Bureau of Prisons ("BOP") facility in West Virginia. Defendant's estimated release date is September 19, 2020. The BOP previously estimated that beginning May 19, 2020, defendant could serve the final part of his sentence at a residential reentry center.

**Analysis**

Defendant requests that the Court permit him to serve the rest of his sentence on home confinement in Kansas. Defendant is concerned that the BOP will not be able to timely release him to a residential reentry center because of potential travel restrictions related to the Coronavirus Disease-2019 ("COVID-19") pandemic.

A federal district court may modify a defendant's sentence only where Congress has

expressly authorized it to do so.  See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996).  Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c).

Defendant seeks home confinement for the remainder of his sentence.  The Court construes defendant's request under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. Law 116-136 (enacted March 27, 2020).[1]  The Director of the BOP may "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months," 18 U.S.C. § 3624(c)(2).  Under the recently-enacted CARES Act, "if the Attorney General finds that emergency conditions will materially affect" BOP functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under Section 3624(c)(2).  Pub. L. 116-136, § 12003(b)(2).  On April 3, 2020, the Attorney General declared that because of COVID-19, "emergency conditions are materially affecting the functioning" of the BOP so that the BOP

---

[1] Defendant does not request compassionate release under 18 U.S.C. § 3582(c)(1)(A).  Even if his letter could be construed as seeking such relief, the Court lacks jurisdiction to order defendant's release under Section 3582(c)(1)(A) because defendant has not shown that he has exhausted administrative remedies or that 30 days have passed since the warden received his request for relief.  18 U.S.C. § 3582(c)(1)(A) (court may grant compassionate release only upon BOP motion or defense motion after defendant "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"); see United States v. Read-Forbes, No. 12-20099-01-KHV, 2020 WL 1888856, at *3–5 (D. Kan. Apr. 16, 2020) (exhaustion of administrative remedies under Section 3582(c)(1)(A) jurisdictional prerequisite).

director now has authority to grant home confinement to a larger group of prisoners.  See Memorandum from Attorney Gen. William Barr to Dir. of Bureau of Prisons, Apr. 3, 2020, https://www.justice.gov/file/1266661/download.

The BOP designates the place of defendant's imprisonment.  See 18 U.S.C. § 3621(b). The Court does not have authority to dictate placements to the BOP.  See United States v. Cosby, 180 F. App'x 13, 13 (10th Cir. 2006).   While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision.  See United States v. Engleson, No. 13-CR-340-3(RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020) (while court can recommend, ultimate decision whether to release inmate to home confinement rests with BOP).  Defendant should address any such request, including a proposed placement plan, to his case manager at the BOP.

**IT IS THEREFORE ORDERED** that defendant's pro se letter (Doc. #147) filed April 15, 2020, which the Court construes as a motion to modify sentence, is **DISMISSED for lack of jurisdiction**.

Dated this 20th day of April, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge